ORDER
FORDHAM, JUDGE:
An application of the claimant, Terry J. Ginger, for an award under the West Virginia Crime Victims Compensation Act, was filed June 15, 2007. The report of the Claim Investigator, filed March 19, 2008, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on March 28, 2008, adopting the findings of the Claim Investigator that no award be made. The claimant’s request for a hearing was filed April 24,2008. The matter came on for hearing December 11,2008, claimant appearing pro se and the State of West Virginia by counsel, Ronald R. Brown, Assistant Attorney General.
*371 On May 26,2007, claimant’s fifty-five-year-old husband, Michael Ginger, was the victim of criminally injurious conduct in Shinnston, Harrison County. The Ginger family and the Lippincott family are neighbors and were feuding for some time. Mr. Ginger and other members of the Ginger family were on the road near the edge of the Lippincott’s property. Carol Lippincott telephoned her son, Billy Cottrill, and told him to come to her residence because members of the Ginger family were allegedly yelling and cursing at her. Billy Cottrill, Cory Lippincott, and Amanda Garrett arrived at the scene and an argument ensued among the parties. Then, the claimant contends that the Lippincott family members came to their property. When the victim approached them and asked them to leave, the victim and Mr. Cottrill were involved in a physical altercation. Then, a verbal and physical altercation ensued among other members of both parties. The victim retrieved a baseball bat from his residence and approached Mr. Cottrill. Another physical altercation ensued. Ms. Garrett retrieved the baseball bat and put it in her vehicle. The offender, Brian McMahan, was asleep in Carol Lippincott’s residence when this incident occurred. Ms. Garrett went into the residence, woke up Mr. McMahan, and informed him of the altercation. Mr. McMahan walked outside and observed the victim on top of Mr. Cottrill. He retrieved a shovel and hit the victim in the head. The members of the Ginger family dragged the victim’s body onto their property. Then, law-enforcement officials arrived at the scene.
The victim was taken to Ruby Memorial Hospital where he was pronounced deceased on May 27, 2007. The victim’s body was transported to the State Medical Examiner’s Office where it was determined he died from blunt force trauma to the head resulting in a traumatic brain injury, a skull fracture, and an intracranial hemorrhage.
The offender, Brian McMahan, was charged and arrested for 2nd degree murder. He pled guilty to a lesser charge of involuntary manslaughter.
The Claim Investigator’s recommendation that no award be made was based on Mr. Ginger’s contributory misconduct. The Court’s Order issued March 28, 2008, adopted the findings of the Investigator. W.Va. Code §14-2A-3(1) defines “Contributory Misconduct” as follows:
...any conduct of the claimant, or of the victim through whom the claimant claims an award, that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct, has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained. The voluntary intoxication of a victim is not a defense against the estate of a deceased victim.
Testifying at the hearing of this matter was the claimant, Terry J. Ginger, who recounted her recollection of the events. She stated that on the day in question, she and her husband had company over from Pennsylvania and they went four-wheeling. Some of their friends got lost around 7:30 p.m., and she and her family members went to find them. They were unable to locate their friends and decided to return home. On their way home, an object fell from the back of the claimant’s truck in front of the Lippincott’s *372 residence. Ms. Lippincott, whose family had a history of feuding with the Gingers, yelled at the claimant and the victim. Then, the claimant and her husband picked up what appeared to be ramps or boards and returned to their home. Shortly after they arrived home, a vehicle came and blocked the main road in front of their residence. A woman came out of the vehicle and stated, “The fight is on.” The victim came outside to confront the neighbors and retrieved a baseball bat. Then, Stephanie Cottrill grabbed the baseball bat and placed it in the vehicle. Brian McMahan came up the road and struck the victim in the head with a shovel.
The Court finds that claimant has met her burden of proof in demonstrating that her husband was an innocent victim of crime. While it is true that the victim had earlier been engaged in an altercation, that struggle had de-escalated. The offender clearly and convincingly used excessive force when he struck the fatal blow. Funeral expenses of $5,788.31 were incurred. Therefore, an award in that sum is hereby granted as set out below. Should the claimant later submit documentation of any additional unreimbursed allowable expenses relating to this incident, they will be reviewed by the Court at that time.